IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KEVIN LEE JOHNSON                                                               PLAINTIFF

V.                              CASE NO. 3:16-CV-219-BD

CRITTENDEN COUNTY
DETENTION CENTER, et al.                                                     DEFENDANTS

## ORDER

### I. Background

Kevin Lee Johnson, formerly an inmate at the Crittenden County Detention Center ("Detention Center"), initially filed this civil rights lawsuit without the help of a lawyer. (Docket entry #1) In his complaint, Mr. Johnson alleged that his ex-wife physically assaulted him while he was being interrogated by Defendant Franks at the Detention Center. He claimed that Defendant Franks violated his constitutional rights by failing to intervene to assist him during the assault. In addition, he claimed that Defendants Cody, Logan, Watts, Williams, Davis, and Allen failed to provide him medical care for the injuries that he sustained during the incident.

On March 13, 2017, Defendants filed the pending summary judgment motion. (#27) On March 22, 2017, the James Law Firm entered an appearance in this case as retained counsel for Mr. Johnson. (#32) At that point, the Court gave the parties additional time for discovery and extended the time allowed for Mr. Johnson to respond to the motion for summary judgment. (#34)

On May 24, 2017, Mr. Johnson moved to amend his complaint, which the Court granted. (#36, #42) Based on the allegations in his amended complaint, the Court

terminated Defendants Cody and Allen as parties, and added Mandy Childress as a Defendant. (#42, #44)

Mr. Johnson has now responded to the Defendants' motion for summary judgment, and it is ripe for decision. (#49, #50) Meanwhile, Separate Defendant Childress moved to adopt the Defendants' motion for summary judgment. (#52) In addition, Defendants moved to dismiss Defendant Franks pursuant to Federal Rule of Civil Procedure 25. (#55)

## II. Discussion

### A. Motion to Dismiss Defendant Franks[1]

Federal Rule of Civil Procedure 25(a) provides, as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

On April 24, 2017, Defendants filed a "Suggestion of Death" for Defendant Bernis Franks, thus notifying Mr. Johnson and the Court that Defendant Franks had died on April 17, 2017. (#35) Since that date, Mr. Johnson has not moved to amend his complaint to name a personal representative or Defendant Franks's estate.[2] More than 90 days have passed since the Defendants filed the Suggestion of Death for Defendant Franks, and Mr.

---

[1] Mr. Johnson has not responded to the motion to dismiss Defendant Franks, and the time for responding has expired.

[2] In his amended complaint, Mr. Johnson specifically noted that Defendant Franks died on April 17, 2017. (#38 at p.2)

Johnson has not filed a motion for substitution. Mr. Johnson's claims against Defendant Franks, therefore, must be dismissed.

### B. Defendants' Motion for Summary Judgment

1. Standard

In a summary judgment, the Court rules in favor of a party before trial. A party is entitled to summary judgment if the evidence, viewed in a light most favorable to the non-moving party, shows that there is no genuine dispute about any fact important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

2. Official Capacity Claims

Defendants argue that Mr. Johnson's official capacity claims must be dismissed for failure to state a federal claim for relief. The Court agrees. Official-capacity claims against the Defendants are, in effect, claims against Crittenden County. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Local governments are not automatically liable under § 1983 for injuries their employees inflict. Instead, counties can be held liable only when their employees violate a prisoner's rights while carrying out a county policy or custom.[3] *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). *Id.*;

---

[3] For purposes of § 1983, a policy is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Marksmeier v. Davie*, 622 F.3d 896, 902 (8th Cir. 2010). To establish a custom, a plaintiff must prove that the county engaged in a continuing pattern of unconstitutional misconduct, not just a single unconstitutional act. *Id.* at 902-903.

*Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009). Here, Mr. Johnson does not allege that he suffered any injury as a result of a Crittenden County policy or custom. Official-capacity claims, therefore, must be dismissed.

  3. Deliberate Indifference – Individual Capacity Claims[4]

    a. Factual Background

On August 19, 2016, Mr. Johnson was escorted to the Detention Center's interrogation room where Defendant Franks was waiting. (#38 at p.3) Shortly after Mr. Johnson arrived, his ex-wife Sheila Cosgrove-Johnson entered the interrogation room. (*Id.*) Defendant Franks and Mrs. Cosgrove-Johnson presented Mr. Johnson a pre-written statement, but Mr. Johnson refused to sign it. Mrs. Cosgrove-Johnson then verbally castigated Mr. Johnson and punched him in the face. (*Id.*) As a result of the assault, one of Mr. Johnson's front teeth was loosened. (*Id.*; #29-4 at p.2)

On the same date, Mr. Johnson filed a medical request form. (#29-5 at p.2) In that request, Mr. Johnson complained of a swollen face, a loose tooth, severe pain, and trouble chewing his food. (*Id.*) In addition to his written requests, Mr. Johnson alleges that he made two verbal requests for medical treatment to Defendant Williams, two verbal requests for medical treatment to Defendant Logan, and four verbal requests for medical treatment from Defendant Watts. (#38 at p.4)

---

[4] In their motion for summary judgment, Defendants argue that, because Mr. Johnson did not specify in what capacity he was suing the Defendants, the Court must construe his complaint as only pursing official capacity claims. After Defendants filed their summary judgment motion, however, Mr. Johnson filed an amended complaint suing the Defendants in both their individual and official capacities. (#38) As a result, that argument is now moot.

4

On August 20th, Mr. Johnson submitted a written request for medical treatment to Defendant Logan and verbally requested medical treatment from Defendant Davis. (*Id.*) On August 21st, he submitted another written request for medical treatment to Defendant Logan. (*Id.*) On August 22, 2017, Defendant Childress evaluated Mr. Johnson and noted "front bottom tooth loose [no] bruising/swelling noted anywhere on face – T.O. [telephone order] Harrell/Ibu . . . x7 days dentist appointment." (#29-4 at pp.3, #29-5 at p.2)

On September 8th, Mr. Johnson submitted another written request for medical treatment to Defendant Davis. (#38 at p.4) On September 29, he submitted a grievance complaining that the medical staff had ignored his requests for medical treatment; that he was still in pain; that he had not seen a dentist, in spite of the fact that a dental appointment had been scheduled more than a month before; and that he was "praying to have these teeth pulled." (#29-5 at p.3)

On October 3, Mr. Johnson submitted another grievance about his lack of medical treatment. (#29-5 at p.4) He also complained that he was in "excruciating pain" and was suffering from an "infection at the site." (*Id.*) Defendant Childress responded to the complaint by stating, "I/M has written these to everyone except medical staff – See request form sent to T. Bonner ..." (*Id.*)

On October 4th, Defendant Childress examined Mr. Johnson and noted:

I/M informed that this is 1st request received from him since initial . . . incident when he was seen on 8-22-16. I/M informed he does have dental appt scheduled (10-5-16 @ 8:00 am.) I/M was give Rx . . . which was completed [w/out] further request till today. (OTC pain meds are also available @ all times on commissary). I/M has [no] swelling [no] [signs/symptoms] infection just "loose tooth"

5

> [w/][complaints/of] general pain – I/M states to have discomfort when eating but states he is eating and has [no] visible signs of wt loss. OTC Ibu given – I/M will keep dental appointment.

(#29-4 at p.3, #29-5 at p.3)

On October 5th, Richard Scarbrough, D.D.S., who is not a defendant in this case, extracted Mr. Johnson's tooth. (#29-5 at p.5; #29-6 at p.5) Dr. Scarbrough prescribed ibuprofen for Mr. Johnson's pain. (#29-5 at p.5)

      b. Discussion

Deliberate indifference to a prisoner's serious medical needs is prohibited by the United States Constitution.[5] *McRaven v. Sanders*, 577 F.3d 974, 979 (8th Cir. 2009); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To prove deliberate indifference, Mr. Johnson must demonstrate that he suffered from an objectively serious medical need and that the Defendants knew of the need, yet deliberately disregarded it. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). In this context, a "serious medical need" is a condition or illness that has been diagnosed by a doctor as requiring treatment, or a need so apparent that a lay person would easily recognize the need for medical attention. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

---

[5] Because Mr. Johnson was a pre-trial detainee at the time the events giving rise to this lawsuit occurred, his claims regarding inadequate medical care are analyzed under the Fourteenth Amendment's Due Process Clause. (#29-1 at p.2) *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, the Eighth Circuit applies the same standard to claims for inadequate medical care whether based on the Fourteenth or Eighth Amendment. *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006).

The Defendants are liable only if they "actually knew of but deliberately disregarded" Mr. Johnson's serious medical needs. *Id.* This showing requires a mental state "akin to criminal recklessness." *Id.* (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). Mr. Johnson must show "more than negligence, more even than gross negligence." *Fourte v. Faulkner County, Ark.*, 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)). Stated another way, to prevail on this claim, Mr. Johnson must show that the Defendants' actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240–41 (8th Cir. 1997).

Defendants first argue that Mr. Johnson's claims against Defendants Logan, Watts, Williams, Davis, and Franks should be dismissed because they are not medical personnel. This argument, however, is not well founded. Deliberate indifference may be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble,* 429 U.S. 97, 104–05 (1976).

These Defendants are not entitled to judgment as a matter of law based on the fact that they are not direct medical providers, but it is important to note that the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.,* 557 F.3d 628, 633 (8th Cir. 2009).

Generally, the objective seriousness of a delay in treatment must be supported by verifying medical evidence in the record. *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005). If the need for medical attention is obvious to a layperson, however, a plaintiff is

7

excused from producing verifying medical evidence to show the detrimental effects of delay. See *Schaub v. Yon Wald,* 638 F.3d 905, 919 (8th Cir. 2011) (citing *Roberson v. Bradshaw,* 198 F.3d 645, 648 (8th Cir. 1999); *Boyd v. Knox,* 47 F.3d 966, 969 (8th Cir. 1995) ("noting that a delay in treatment, coupled with knowledge that an inmate is suffering, can support a finding of an Eighth Amendment violation")). See *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (concluding a plaintiff who had severe pain "from loose and infected teeth, which caused blood to seep from his gums, swelling, and difficulty sleeping and eating" had alleged an objectively serious medical need for dental care in an Eighth Amendment § 1983 action); *McAlphin v. Toney*, 281 F.3d 709, 711 (8th Cir. 2002) (holding a plaintiff who claimed five prior delayed tooth extractions with two more extractions necessary and still delayed, and a spreading mouth infection, demonstrated a sufficient allegation of imminent danger of physical injury under 28 U.S.C. § 1915(g)); *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) (deciding a "three week delay in dental care, coupled with knowledge of the inmate-patient's suffering, can support a finding of an Eighth Amendment violation under section 1983" when inmate could barely open his mouth and "pus regularly oozed from the infection"); and *Fields v. Gander*, 734 F.2d 1313, 1315 (8th Cir. 1984) (three-week delay in treatment of a painful condition, including a swollen face and "severely infected tooth" stated a claim).

  Here, it is undisputed that Mr. Johnson experienced a delay in having a dentist examine him and extract his loose tooth. But that fact, standing alone, is insufficient to defeat the Defendants' motion for summary judgment. Negligence, gross negligence, and malpractice do not rise to the level of a constitutional violation. *Langford v. Norris*, 614

F.3d 445, 460 (8th Cir. 2010) (plaintiff must show more than even gross negligence, and mere disagreement with treatment decisions does not rise to level of constitutional violation).

Under the circumstances of this case, Mr. Johnson's need for medical treatment would not have been obvious to a lay (non-medical) person. There is no medical evidence that Mr. Johnson suffered any infection or even swelling as a result of a delay in receiving treatment. It is undisputed that Mr. Johnson was prescribed ibuprofen at the time of the incident and that he could have obtained over-the-counter pain medication from the commissary at any time to alleviate pain. Moreover, although Mr. Johnson complains that he suffered from "abdominal pain, cramps, bouts of constipation and hunger from being unable to chew certain foods," there is no evidence in the record, such as weight loss, to support these allegations. (#50 at p.10) Contrary to Mr. Johnson's conclusory statements, Defendant Childress noted that Mr. Johnson had not suffered from any weight loss when she examined him in October 2016. (#29-5 at p.3) Notably, after extracting Mr. Johnson's tooth, Dr. Scarbrough prescribed only ibuprofen for pain and did not note any sort of infection and/or swelling.

Because Mr. Johnson has failed to come forward with any medical evidence that he suffered detrimental effects as a result of any delay in receiving medical treatment, Defendants Logan, Watts, Williams, Davis, or Childress are entitled to summary judgment on claims that they acted with deliberate indifference to Mr. Johnson's serious medical needs.

### III. Conclusion

The Defendants' motion to dismiss Defendant Franks (#55) is GRANTED. Mr. Johnson's claims against Defendant Franks are DISMISSED, without prejudice. In addition, the motion for summary judgment filed by Defendants Logan, Watts, Williams, Franks, and Davis (#27) is GRANTED, in part, and DENIED, in part. Mr. Johnson's claims against Defendants Logan, Watts, Williams, and Davis are DISMISSED, with prejudice. The motion as to Defendant Franks is DENIED, as moot. Finally, Defendant Childress's motion for summary judgment (#52) is GRANTED. Mr. Johnson's claims against Defendant Childress are DISMISSED, with prejudice. The Clerk is directed to close this case.

DATED this 7th day of September, 2017.

_____
UNITED STATES MAGISTRATE JUDGE